IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FORD MOTOR COMPANY, a Delaware Corporation | § § § § § | |
| Plaintiff, | | |
| VS. | § § | Case No. 4:10cv482 |
| BOB TOMES FORD, INC. d/b/a BOB TOMES FORD-LINCOLN-MERCURY, a Texas corporation | § § § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Bob Tomes Ford Inc.'s Motion to Dismiss or Stay in Favor of the Texas Motor Vehicle Commission (Dkt. 10). Ford Motor Company ("Ford") initially filed this suit. In its Complaint, Ford sought specific performance of a contract. Ford alleges that Tomes signed a contract agreeing, among other things, that its dealership facilities would be used exclusively for the sales and service of Ford, Lincoln and Mercury products. Ford claims that Tomes put a Subaru dealership on the existing Ford facility, thereby breaching its contract.[1] Ford requests that this Court either order specific performance of the contract and order that Subaru find another location or that the contract be rescinded (which the Court assumes would mean that Tomes would be left with Ford but not Lincoln).

---

[1] Ford admits that Tomes now has no obligation to sell Mercury products since that line has suffered the same fate as Edsel

1

Ford invokes diversity jurisdiction. Ford alleges that the amount in controversy is met by the amount of money it had to pay another dealer in order to award Tomes the Lincoln and Mercury agreements. Tomes does not contest diversity jurisdiction. Ford also brings a claim for relief for breach of Section 2301.478 of the Texas Occupations Code. Ford seeks injunctive relief for its claim under the Texas Occupations Code. Ford also seeks to have this Court permanently enjoin Tomes from adding any new motor vehicle business to Defendant's Ford, Lincoln and Mercury (sic) dealership facilities without Ford's express written consent (which the Court assumes will not be given). Ford also invites the Court to participate in the automobile business by having Tomes file with the Court and identify "with particularity Defendant's plan and timeline for restoring its Ford, Lincoln and Mercury (sic) facilities to the condition as it existed prior to October 14, 2009." Dkt. 1 at 8.

In its motion to dismiss, Tomes argues that there is an administrative proceeding pending before the Texas Motor Vehicle Commission ("Board" or "MVC") protesting Ford's attempt to terminate the Lincoln franchise. Tomes has submitted by affidavit evidence that Ford had already discussed the termination of the franchise. Ford by letter denies this and states that, if the dealership is terminated, it will follow the Texas Occupations Code. Tomes views this suit as an attempt by Ford to circumvent the MVC's authority and jurisdiction over dealer-manufacturer relations.

In response, Ford argues that the MVC has no jurisdiction over the breach of the parties' Letter of Understanding ("LOU"). Ford asserts at least one claim under the Texas Occupations Code. Ford claims that Tomes violated Section 2301.478 which provides that the parties owe each other a duty of good faith and fair dealing. *See* TEX. OCC. CODE § 2301.478. Ford says that Tomes failed to honor the terms of its LOU by putting a Subaru dealership on the same general premises

as its Ford products. Tomes argues that it put a Subaru dealership on a facility other than the one noted in the LOU or Sales and Service Agreement. The threshold question is whether this Court has jurisdiction of this manufacture-dealer "spat." If so, the question becomes whether the Motor Vehicle Commission is a more appropriate forum for resolution of this issue.

The judicially-created primary jurisdiction doctrine operates to allocate power between courts and agencies when *both* have authority to make initial determinations in a dispute. *Foree v. Crown Cent. Petroleum Corp.,* 431 S.W.2d 312, 316 (Tex. 1968). Trial courts should allow an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations. *See Cash Am. Int'l Inc. v. Bennett,* 35 S.W.3d 12, 18 (Tex. 2000); *Gregg v. Delhi-Taylor Oil Corp.,* 344 S.W.2d 411, 413 (Tex. 1961); *Kavanaugh v. Underwriters Life Ins. Co.,* 231 S.W.2d 753, 755 (Tex. Civ. App.-Waco 1950, writ ref'd); *see also United States v. Western Pac. R.R. Co.*, 352 U.S. 59, 64-65, 77 S. Ct. 161, 1 L. Ed.2d 126 (1956).

If the primary jurisdiction doctrine requires a trial court to defer to an agency to make an initial determination, the court should abate the lawsuit and suspend final adjudication of the claim until the agency has an opportunity to act on the matter. *See Central Power & Light Co. v. Public Util. Comm'n,* 17 S.W.3d 780, 787 (Tex. App.-Austin 2000, pet. denied); *Roberts Express, Inc. v. Expert Transp., Inc.,* 842 S.W.2d 766, 771 (Tex. App.-Dallas 1992, no writ).

Under the exclusive jurisdiction doctrine, the Legislature grants an administrative agency the *sole* authority to make an initial determination in a dispute. *Cash Am.*, 35 S.W.3d at 15.

Determination of the type of jurisdiction depends on statutory construction. *See Subaru of Am., Inc. v David McDavid Nisan*, 84 S.W. 3d 212, 220 (Tex. 2002).

Section 2301.453 of the Texas Occupations Code provides that a manufacturer may not terminate or discontinue a franchise with a dealer or directly or indirectly force or attempt to force a franchised dealer to relocate or discontinue a line-make unless the manufacturer provides notice of the termination as required by the particular statute. *See* TEX. OCC. CODE § 2301.453. And, Texas Occupations Code § 2301.355 provides that a dealer may conduct business at more than one location. *See* TEX. OCC. CODE § 2301.355. The dealer must hold a separate license for each separate and distinct dealership. *Id.* Texas Occupations Code § 2301.151(a) provides that the Board has the exclusive original jurisdiction to regulate those aspects of the distribution, sale, or lease of motor vehicles that are governed by this chapter, including the original jurisdiction to determine its own jurisdiction. *See* TEX. OCC. CODE § 2301.151.

In this case, Ford asks the Court to order Tomes to remove the Subaru dealership. Alternatively, Ford requests that the contract be rescinded and that the parties be returned to their earlier position as though no contract existed. This relief – if such could be granted – would affect the sale of motor vehicles between Ford and Tomes. Further, the Board regulates when a dealer may have separate locations. *See* TEX. OCC. CODE § 2301.355. A separate location is only authorized if approved under the dealer's franchise and the dealer license. A dealer may only sell from a place of business approved by the division. TEX. OCC. CODE § 2301.355. In considering whether a franchise may be terminated, the Board is entitled to consider the parties' compliance with the franchise. TEX. OCC. CODE § 2301.455(a). A manufacturer may not deny or withhold approval of dealer's application to add a line-make under certain conditions. TEX. OCC. CODE § 2301.472.

The gravamen of this dispute is whether addition of Subaru by Tomes is a violation of the franchise agreement. The LOU specifically refers to Tomes' obligation under the franchise agreement. Under the LOU, the Court must refer to the terms of the franchise agreement. The Court cannot examine the LOU in a vacuum. The Board has exclusive jurisdiction of this matter, and the case should be dismissed. As stated, the Court is not – and should not be – in the car business. The Code provides that the Board has the power to prevent fraud or unfair practices in the sale of motor vehicles. If Tomes has breached its agreement with Ford, then Ford has an avenue of redress with the Board and should devote its resources in the proper forum.

Therefore, the Court recommends that Bob Tomes Ford Inc.'s Motion to Dismiss or Stay in Favor of the Texas Motor Vehicle Commission (Dkt. 10) be GRANTED and this matter be dismissed without prejudice. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 20th day of December, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE